Case No: 6:88cr130

Case:2:08-mc-50959
Judge: Friedman, Bernard A
MJ: Majzoub, Mona K
Filed: 10-06-2008 At 08:18 AM
US V Cullum - USDC - Western Texas
(at)

Filed: 09/18/08 4
Doc. #409

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. W-88-CR-130 (3) |
| § | |
| LARRY JOSEPH CULLUM § | |

## ORDER

Came on to be considered Defendant's Petition for Writ of Audita Querela Pursuant to the All Writs Act, 28 U.S.C. § 1651. Defendant seeks a reduction in his sentence in light of the Supreme Court opinion in *United States v. Booker*, 543 U.S. 220 (2005). Having reviewed the motion and the file in this case, the Court is persuaded the motion lacks merit and should be denied.

Defendant was part of a multi-defendant conspiracy which manufactured and distributed methamphetamine for a number of years.[1] Defendant was convicted by a jury of the following charges in a superseding indictment: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Two); manufacturing phenylacetone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Three through Nine); and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Counts 25 and 26). He was sentenced as follows: Count Two, 240 months incarceration, 5 years of supervised release, and a special

---

[1] The facts related to the conspiracy are outlined in *U.S. v. Devine*, 934 F.2d 1325 (5th Cir. 1991).

assessment of $50; Counts Three through Nine, 15 years incarceration on each count to be served consecutive to each other and to the sentence imposed in Count Two; and Counts 25 and 26, 15 years incarceration on each count to be served consecutive to each other and to the sentences imposed in Counts Two through Nine. Defendant was additionally sentenced to a lifetime special parole term on Counts Three through Nine, to run concurrently with each other, and a special assessment of $50 on each of Counts Three through Nine and 25 and 26. His conviction was affirmed on appeal, but his sentence on Counts 25 and 26 were remanded for imposition of a sentence of three years on each. *See U.S. v. Larry Joseph Cullum (sub nom Robert Devine)*, 934 F.2d 1325 (5th Cir. 1991), *cert. denied*, 502 U.S. 1104 (1992).

Defendant's present motion is nothing more than a re-hash of previous motions he has filed. He seeks to have his sentence vacated or reduced because of *Apprendi v. New Jersey*, 520 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Although he entitles his present motion as a request for Writ of Audita Querela, it is nothing more than another attempt to have his sentence vacated under § 2255. As such, the motion will be denied because he has not sought prior approval from the Fifth Circuit before filing this successive motion. Even if the Court were to consider the merits of his motions, his grounds for relief would apply only to his conviction under Count Two. The remaining counts were not subject to the Sentencing

Guidelines. If his 240-month sentence on Count Two were vacated or reduced, he would still be required to serve the remaining consecutive 111 years imposed on the other counts.

To the extent the Writ of Audita Querela survives, it is available only when some legal defense arises after judgment is imposed. *See Jimenez v. Trominski*, 91 F3d. 767 (5th Cir. 1996); *U.S. v. Banda*, 1 F3d. 354 (5th Cir. 1993). Defendant identifies no legal defense arising after judgment which would provide relief. The Fifth Circuit has determined that *Booker* does not apply retroactively on collateral review. *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005). As such, he has no basis for relief under § 2255, a writ of audita querela, or through any other post-conviction motion he may invent. *See U.S. v. Richter*, 510 F3d 103 (2d Cir. 2007).

In addition to his present motion for post-conviction relief, Defendant has filed at least three motions under 28 U.S.C. § 2255 and a plethora of other motions which seek the same type of relief – to vacate or reduce his sentence. He has been sanctioned by the Fifth Circuit. *See U.S. v. Larry Joseph Cullum*, No. 94-50449 (5th Cir. Aug. 10, 1995) (Defendant ordered to pay $50 before filing any further appeals *in forma pauperis*); and *U.S. v. Larry Joseph Cullum*, No. 05-50589 (5th Cir. July 13, 2006) (Defendant warned that further filing of frivolous appeals will result in imposition of sanctions). The appeal in No. 05-50589 was from an Order of this Court denying Defendant's request for a "Nunc Pro Tunc Judgment" under Rule

60(b). Defendant's motion raised the same issues presented in his present motion. As such, the undersigned is persuaded that Defendant should be sanctioned for his continued filing of frivolous, post-conviction motions. Accordingly, it is

**ORDERED** that Defendant's Petition for Writ of Audita Querela is **DENIED**. It is further

**ORDERED** that Defendant may file no further motions for post-conviction relief without first obtaining approval from this Court, the Fifth Circuit Court of Appeals, or any other federal court to which he may apply for relief. The Clerk of the Court is directed to send a copy of this Order to every federal district court in the United States, as well as every Circuit Court of Appeals.

**SIGNED** on this 18th day of September, 2008.

WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE